UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRADLEY SCOTT HINES, et al.,

        Plaintiffs,

        v.                                                  Case No. 24-cv-330-bhl

ANGELA WOLLENHAUPT, et al.,

        Defendants.

---

## SCREENING ORDER

---

        Plaintiffs Bradley Scott Hines and Harry Thomas, III, who are currently in custody at the Waukesha County Jail and representing themselves, filed a complaint under 42 U.S.C. §1983, alleging that their civil rights were violated. This matter comes before the Court on Plaintiffs' motions for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

        Hines and Thomas filed motions for leave to proceed without prepaying the full filing fee (*in forma pauperis*). Dkt. Nos. 2 & 3. A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). In cases with multiple prisoner-plaintiffs, each plaintiff is required to pay his own filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *see Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action, but must each pay a separate filing fee"). Hines filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and was assessed an initial partial filing fee of $28.84. Dkt. No. 90. Hines paid in full on April 10, 2024. Accordingly, the Court will grant Hines' motion for leave to proceed without prepayment

of the filing fee. Thomas was assessed an initial partial filing fee of $123.33, but he did not pay by the June 5, 2024 deadline. Dkt. Nos. 8 & 14. Thomas was twice warned that failure to pay by the deadline would result in denial of his motion for leave to proceed without prepayment of the filing fee and his dismissal from the case. Dkt. Nos. 8 & 12. Accordingly, the Court will deny Thomas' motion for leave to proceed without prepayment of the filing fee and will dismiss him and any claims made by him from the case.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Hines is an inmate at the Waukesha County Jail. Dkt. No. 1. Defendants are Angela Wollenhaupt, Waukesha County Sheriff's Department, Waukesha County Jail, and County of Waukesha. *Id*. at 1-2.

According to the complaint, jail staff are not "constant and consistent" in following the jail's internal rules and regulations regarding sanitation and hygiene. *Id*. at 4. For example, clean towels are not consistently issued twice a week; sheets are not consistently washed/changed once a week; and blankets are not consistently laundered/reissued once a month. *Id*. Hines filed multiple grievances about these issues between August 2023 and January 2024. *Id*. at 4-5. The grievances were answered by Lt. Kersuski (not a defendant), Lt. Crump (not a defendant), "facility staff," and Lt. Lewandowski (not a defendant). *Id*. Hines does not explain what answers he received. *Id*.

On December 29, 2023, Lt. Miller (not a defendant) told Hines that he would talk to the individual responsible for ordering inventory to make sure everything was ordered. *Id*. at 5. On January 3, 2024, Captain Hedman (not a defendant) told Officer Murphy (not a defendant) that brand new sheets would be distributed that night on Pod 8. *Id*. New sheets were not delivered that night. *Id*. Instead, Hines did not receive new sheets for another eight days, until January 11, 2024. *Id*. Hines explains that linen exchange should have happened on January 10, 2024, not January 11, 2024. *Id*. On January 13, 2024, staff missed linen exchange again, which did not occur until three days later, on January 16, 2024. *Id*. Hines also did not receive towels, face cloths, or socks

3

that should have been distributed on January 13, 2024 until January 16, 2024. *Id*. For relief, Hines seeks monetary damages. *Id*. at 6.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Hines asks to proceed on a conditions-of-confinement claim. However, he has not alleged whether he was a pretrial detainee or a criminally convicted individual while at the jail. His status makes a difference to his claim. If he was a "pretrial detainee," his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a criminally convicted individual, his rights arise out of the Eighth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by incarcerated persons). At this point, however, Hines has not stated a claim under either amendment, and the Court will dismiss his complaint and give him an opportunity to amend.

To state a claim under the Eighth Amendment, Hines must allege that: (1) he experienced conditions of confinement so adverse they deprived him "of the minimal civilized measure of life's necessities;" and (2) defendants acted with deliberate indifference with respect to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). Extreme deprivations are required," *see Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001), and "routine discomfort[s]" do not suffice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). To state a claim under the Fourteenth

4

Amendment, Hines must allege that: (1) he experienced conditions of confinement that posed an objectively serious risk of harm to his health; and (2) defendants' response was objectively unreasonable under the circumstances. *See Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019).

Hines alleges that jail staff have been inconsistent in providing clean towels, sheets and blankets. At times, jail staff comply with the rules governing the timing of these linen changes, but other times they are delayed by a few days or even a few weeks. For example, in January 2024, Hines had to wait two weeks for clean sheets and three extra days for clean towels and socks. Although Hines may find these circumstances unpleasant, they come nowhere close to constituting "extreme" conditions that deny him the "minimal civilized measure of life's necessities" under the Eighth Amendment or an objectively "serious" risk of harm under the Fourteenth Amendment. Indeed, ordinary citizens who are not incarcerated are often unable to consistently wash their towels twice a week, sheets once a week, and blankets once a month; and they can be delayed in doing their laundry for a few days. Hines' cannot demand that jail staff provide him with better services than ordinary citizens can provide for themselves, nor can he expect the services of a good hotel. *See Harris*, 839 F.2d at 1235-36. Additionally, the failure to follow a jail's rules and regulations also does not violate the constitution on its own. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of…departmental regulation and ... practices[.]"). Because Hines' allegations do not implicate any constitutional violations, the Court must dismiss the original complaint for failure to state a claim.[1]

---

[1] The Court notes that Hines also makes no allegations of personal involvement by Wollenhaupt; and he does not identify any custom or policy of Waukesha County that violated his rights. *See Monell v. Dep't of Social Serv's of City of New York,* 436 U.S. 658 (1978). Further, the Waukesha County Sheriff Department and the Waukesha County Jail also are not proper defendants under §1983. *See Whiting v. Marathon Cnty Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004); *see Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Hines an opportunity to file an amended complaint to cure the deficiencies described above. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Hines to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Hines is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Hines files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Hines does not file an amended complaint, the Court will dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Hines' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**; Thomas' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **DENIED**; and Thomas is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Hines may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Hines files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Hines does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hines a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hines is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on July 10, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge